By the Court,

Bronson, J.
The defendants insist that tifié proceedings in chancery for the foreclosure of the mortgage mentioned in the covenant are not evidence against them, because they were not parties to that suit; and for this they rely bn the case of Douglassv. Howland, (24 Wend. 35.) There, One Bingham agrefed to account with the plaintiff, and to pay any balance which inight be found due from him 3 and the defendaht covenanted with the plaintiff that Bingham would perform the agreement. This accounting never took place; but an account was taken ih chaiic’ery in a siiit to which the defendant was not a party; We held the proceedings ih chancery were not evidence, or at the least; not conclusive evidence against the defendant. But it was admitted in that case that if Bingham had voluntarily accounted and struck a balance, the defendant would have been bound by it, although he had taken no part in the transaction. Such ati accounting would *123 have been within the defendant’s undertaking, but he had not covenanted for the results of a suit in chancery. The distinction taken and sustained by authority in that case fully justifies the ruling of the judge on this trial. When one covenants for the results or consequences of a suit between other parties, the decree or judgment in such suit is evidence against him, although he was not a party. Now here the covenant plainly contemplates a foreclosure of the mortgage, and the defendants undertake to make up any deficiency there might bp on such foreclosure. They covenant that the assigned se.cprity shall produce and yield the principal sum of $2500 with interest, over and above .all cos.ts and expenses of suing upon or foreclosing the mortgage, apd that they will pay any deficiency. A proceeding in chancery is the usual mode of foreclosing mortgages, and the .defendants have, in effect, agreed that they will be bound by such foreclospre. We need not go beyond Douglass v. Howland and the cases there cited, to prove that the judge was right in holding the defendants concluded by the proceedings in chancery, which ascertained and settled the a deficiency” or balance due the plaintiffs after applying the money realized by the sale of the mortgaged premises.
This view also answers the objection that the defendants could not be charged with the amount the plaintiffs had been obliged to pay to redeem the paortgag.ed premises from the sale for a street assessment. There can b,e no doubt that this sum was properly taken into the account in chancery; but if it were otherwise, the defendants are concluded by the decree which allowed that charge. No fraud is suggested, and we cannot overhale the decree.
If a witness who had been duly subpoenaed should .either neglect to attend, or leave court after the trial had commenced, it would rest in the discretion of the judge whether he would suspend the trial until the witness could be brought in on attachment or otherwise ; and if the decision of the judge upon such a matter .could be reviewed in any form, it clearly could *124 not be done upon a bill of exceptions. This'is enough to an - swer the exception which grew out of the absence of the plaintiffs when they were called as witnesses.
But as the question has been made and discussed at the bar as to the proper mode of bringing in the plaintiff as a witness for the defendant under our usury statute, and as the same question may often arise, it seems proper to dispose of it. When the defendant pleads or gives notice of the defence of usury, and verifies the truth of his plea or notice by affidavit, he may “ call and examine the plaintiff as a witness, in the same manner as other witnesses may be called and examined.” (Stat. of 1837, f. 487,§ 2.) It seems almost too plain for discussion that the defendant must take the same steps with the plaintiff, as he would with any other person whose attendance as a witness he wished to secure, which are, to serve him with a subpoena in due season, and pay or tender his legal fees. The defendant may call the plaintiff. How call him 1 The statute says, as a witness. And then to make the matter quite clear, it adds, “ in the same manner as other witnesses may be called.” Here the defendants had done nothing beyond giving the plaintiffs notice to attend. That they were not bound to regard.(a)
When the defendants had found out their mistake, they wished the judge to suspend the trial until they could seek and serve a subpoena on the plaintiffs. That motion was clearly addressed to the discretion of the judge ; and his decision upon it, whether right or wrong, does not make a point upon which an exception can properly be taken. When parties except upon such matters, the judge should strike the exception out of the bill before he affixes his seial. But whether in or out, the decision of the judge upon such a question cannot be reviewed in this form.
A motion is also made for a new trial on the ground of surprise. The defendants were surprised when they discovered *125 that they had made a mistake in not serving the plaintiffs with a subpoena. That would hardly be a sufficient ground for granting a new trial under any circumstances. But it is a full answer to this motion that judgment has been perfected on the verdict. A case or bill of exceptions may sometimes be argued after judgment, (Stat. of 1832, p. 188, § 1;) but the statute does not extend to this motion.
It must not be understood that motions of this kind will hereafter be heard at the general term. They do not belong to the calendar, but should be made at the special term. And this is so, although a case or bill of exceptions may have been made. There cannot often be any very intimate connection between the questions of law which arose on the trial, and an application for a new trial on the ground of surprise. By confining such motions to the special terms, expense and delay will be avoided. When the motion is made where there is also a case or bill of exceptions, we can, if it shall be deemed expedient, suspend a decision on the motion until the calendar cause is argued. This question of practice was not noticed in Tilden v. Gardiner, (25 Wendell, 663.) The 47th rule makes this a non-enumerated motion. The word “ surprise ” was not in the rule until 1837, and was inserted at that time for the very purpose of sending such motions to the special term. Where there is a motion for a new trial on the ground of newly discovered evidence, which must always be accompanied by a case, the ground of surprise, if it exist, may also be added, and the whole will then be heard together. This will satisfy ' the word u exclusively” in the rule. But in all other cases, a motion on the ground of surprise belongs to the special term, and must, like other motions of the same character, be made without delay.
New trial denied.

 See Bosworth v. Perhamus, (20 Wend. 611.)